UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerrell Ramon Moore, | Case No. 22-cv-2476 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| J. Rardin, *Warden*, | |
| Respondent. | |

Jerrell Ramon Moore, Reg. No. 13856-041, FMC Rochester, P.O. Box 4000, Rochester, MN 55903 (pro se Petitioner); and

Ana H. Voss and Adam J. Hoskins, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on pro se Petitioner Jerrell Ramon Moore's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Pet., ECF No. 1. This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable Nancy E. Brasel, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition be **DENIED**, and this matter be **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

In brief, the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018), "offers prisoners an opportunity to earn [t]ime [c]redits applicable to their periods of residential reentry center placement, home confinement or supervised release, by participating in certain evidence-based recidivism reduction . . . programs and productive activities." *Salter v. Fikes*, No. 20-cv-2253 (ECT/ECW), 2021 WL 2365041, at *1 (D. Minn. May 5, 2021) (quotation omitted), *report and recommendation accepted*, 2021 WL 2354934 (D. Minn. June 9, 2021); *see also, e.g.*, *Mills v. Starr*, No. 21-cv-1335 (SRN/BRT), 2022 WL 4084178, at *1, 4 (D. Minn. Aug. 17, 2022), *report and recommendation adopted*, 2022 WL 4080750 (D. Minn. Sept. 6, 2022).

Petitioner is currently serving a 235-month sentence. Ex. A. to Valento Decl., ECF No. 8-1 at 3-4. Petitioner's sentence also has a five-year term of supervised release. *Id*. at 2. Prior to the application of any such time credits, Petitioner had a projected release date of May 16, 2025, via good conduct time release. *Id*.

Based on the record before the Court, it appears that Petitioner inquired about application of time credits and was informed in or around August 2022 that time credits "are not being applied at the institutional level." *See* Pet. at 2; *see also* 28 C.F.R. § 542.13(a) ("[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.").

Petitioner notes that he appealed to the Federal Bureau of Prisons ("BOP"). Pet. at 3; *see* 28 C.F.R. § 542.14(a) ("The deadline for completion of informal resolution and

submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred."). Petitioner again sought application of time credits. At the time the Petition was filed, Petitioner's administrative remedy request was still pending as "the [BOP] ha[d] not responded." Pet. at 2.

On October 7, 2022, Petitioner filed the instant Petition, asserting that the BOP has not applied time credits earned under the First Step Act. Petitioner contends that he has earned a minimum of 675 days of time credits. Pet'r's Mem. in Supp. at 3, ECF No. 2. Petitioner requests that the BOP be ordered to apply his time credits and place him in home confinement or a residential reentry center placement immediately. *Id*. at 2-3; Pet. at 4.

Respondent J. Rardin responds that the Petition be dismissed because (1) Petitioner's First Step Act credits have been updated to reflect that he has earned 365 days of time credits, rendering any request that such sentence computation be updated to reflect those time credits moot; and (2) any request for immediate release based on those time credits is premature. *See generally* Resp., ECF No. 7.

In his reply, Petitioner argues that he has earned 690 days of time credits as of October 9, 2022, not 365 days of time credits as Respondent contends. Pet'r's Reply at 1, ECF No. 10. He argues that with 365 days of time credits applied to his release date, he still has 325 days of time credits that should be applied to his residential reentry center placement or home confinement eligibility date. *Id*. at 1-2. According to Petitioner, his home confinement eligibility date is November 17, 2023, but should be December 27, 2022, after applying the 325 days of remaining time credits. *Id*. at 1.

3

In his supplemental response, Respondent agrees that Petitioner has earned 690 days of time credits as of October 9, 2022, and that 365 days of time credits are eligible to be applied to his release date and the remaining 325 days of time credits are eligible to be applied toward prerelease custody (either home confinement or residential reentry center placement). Supp. Resp. at 1, ECF No. 13. Respondent disagrees with Petitioner, however, that the 325 days of time credits that are eligible to be applied toward prerelease custody can be applied *now* to make him eligible for immediate release. *Id*. at 2. Respondent argues that Petitioner's "claim is not ripe because pursuant to federal statute, [Petitioner] is not entitled to have his [time credits] applied until they equal the remainder of his sentence." *Id*. at 2-3. Respondent contends that Petitioner's release date (without the application of time credits) is May 16, 2025, which is approximately 903 days from now, which is "far more than the 690 [time credits] [Petitioner] has earned." *Id*. at 3.

### III. ANALYSIS

A writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "A petitioner may challenge the execution of his sentence through a § 2241 petition filed in the district where he is incarcerated." *Salter*, 2021 WL 2365041, at *2 (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v.*

*Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser*, 411 U.S. at 500)).

### A. Exhaustion of Administrative Remedies

As an initial matter, Petitioner concedes that the BOP's administrative-remedy process has not been completed, as the BOP had not responded as of the date the Petition was filed. *See* Pet. at 2-3. Petitioner notes that he filed his Petition at the time he did "because on October 11, 2022, [he] should be eligible for immediate release." *Id*. at 4. Respondent has not argued that the Petition should be dismissed for failure to exhaust administrative remedies.

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only of if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *accord Mills*, 2022 WL 4084178, at *2; *see also, e.g.*, *Salter*, 2021 WL 2365041, at *2 ("[A] petitioner ordinarily must exhaust all available remedies prior to seeking habeas relief."). "[T]he exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional." *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007); *see also, e.g.*, *Salter*, 2021 WL 2365041, at *2; *Whentworth v. Fisher*, No. 10-cv-2270 (JNE/JSM), 2011 WL 5077612, at *5 (D. Minn. Oct. 7, 2011), *report and recommendation adopted*, 2011 WL 5078870 (D. Minn. Oct. 26, 2011). A court may, therefore, "exercise its discretion to decide a petition on its merits, even if a prisoner has not exhausted his administrative remedies." *Whentworth*, 2011 WL 5077612, at *5; *see also Salter*, 2021 WL 2365041, at *2 ("court may opt to address the merits of an unexhausted habeas claim"); *Gurzi v. Marques*, No. 18-cv-3104 (NEB/KMM), 2019 WL 6481212, at *2 (D. Minn. Oct. 10, 2019) ("[T]he Court observes that it has the authority to

proceed to the merits of the case rather than rely on a failure to exhaust when appropriate."), *report and recommendation accepted*, 2019 WL 6464838 (D. Minn. Dec. 2, 2019).

This Court likewise "acknowledges the requirement that an inmate exhaust their administrative remedies is an important one that serves valuable goals." *See Mills*, 2022 WL 4084178, at *3. Ultimately, however, "the heart of [Petitioner's] claim presents a question of law: whether h[is] earned time credits under the First Step Act should be applied now or at the end of h[is] sentence." *See id.* The Court therefore recommends that any failure to exhaust be excused under the specific facts of this case.

### B. First Step Act Claim

There is no dispute that Petitioner is eligible to earn time credits. Resp. at 10; Valento Decl. ¶ 4, ECF No. 8; Ex. A to Valento Decl. at 2. "Time credits earned . . . shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). "If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment . . . , [the BOP] may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits." *Id.* § 3624(g)(3) (emphasis added); *see also* 28 C.F.R. § 523.44(d)(3) ("The application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred."). "Early transfer to supervised release effectively reduces an inmate's sentence by, at max, one year." *Mills*, 2022 WL 4084178, at *4; *see also, e.g.*, *Roberts v. Cox*, No. 4:20-CV-04187-KES, 2022 WL 742489, at *2 (D. S.D. Mar. 11, 2022) ("Further, the BOP cannot grant an

inmate more than twelve months of supervised release for earned time credits under the First Step Act." (citing 18 U.S.C. § 3624(g)(3))).

Additionally, "[u]nder the First Step Act, an inmate is only eligible to have their time credits applied if they meet certain criteria under 18 U.S.C. § 3624(g)." *Mills*, 2022 WL 4084178, at *4. "That criteria includes having accumulated time credits in an amount that is equal to the remainder of [the inmate's] imposed term of imprisonment . . . ." *Id.*; *see also* 18 U.S.C. § 3624(g)(1)(A) (eligibility requirement that prisoner "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"); 28 C.F.R. § 523.44(b)(1) (time credits may be applied toward prerelease custody or early transfer to supervise release if eligible inmate has "[e]arned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment"). "In other words, the First Step Act provides that a prisoner is eligible to have earned time credits applied for supervised release or prelease custody only when []he has earned time credits that equal the remainder of h[is] sentence." *Mills*, 2022 WL 4084178, at *4; *see Adkins v. Engleman*, No. CV 22-1988 JLS (MRW), 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) ("Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits *only* once an inmate has earned enough that equal the remainder of h[is] sentence." (quotation omitted)), *report and recommendation accepted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022); *see also, e.g.*, *Lallave v. Martinez*, No. 22-CV-791 (NGG) (RLM), ___ F. Supp. 3d ____, 2022 WL 2338896, at *11 (E.D. N.Y. June 28, 2022); *Turner v. Heisner*, No. CV 22-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022), *report and*

*recommendation accepted sub nom.*, *Turner v. Cole*, 2022 WL 2192212 (D. Ariz. June 17, 2022); *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022); *cf. Mark v. Birkholz*, No. 21-cv-1418 (KMM/DTS), 2022 WL 11321123, at *1-2 (D. Minn. Aug. 4, 2022), *dismissed as moot*, 2022 WL 11227141 (D. Minn. Oct. 19, 2022).

### 1. Time Credits Reflected in Sentence Calculation

Petitioner asserts that his time credits are not properly reflected in his sentence computation. Respondent argues that any request by Petitioner to have his sentence computation adjusted to account for earned time credits is moot "because his sentence computation has been updated to reflect that he has earned 365 days of [time credits]" that apply to his release date. Resp. at 12; *see also* Supp. Resp. at 5.

Respondent submitted two declarations from unit managers of the facility at which Petitioner is currently detained. *See generally* Valento Decl.; Orum Decl., ECF No. 14. Attached to Valento's declaration is Petitioner's "Public Information Inmate Data" as of October 11, 2022, and attached to Orum's declaration is Petitioner's "Sentence Monitoring Computation Data" as of November 23, 2022. *See generally* Ex. A to Valento Decl.; Ex. B to Orum Decl., ECF No. 14-2. Both documents show that Petitioner's projected release date with good conduct time is May 16, 2025. Ex. A to Valento Decl. at 2-3; Ex. B to Orum Decl. at 1-2. They also show that Petitioner has 365 days of time credits to apply to his release date, making his projected release date with time credits May 16, 2024. Ex. A to Valento Decl. at 2; Ex. B to Orum Decl. at 1. Also attached to Orum's declaration is Petitioner's "FSA Time Credit Assessment," dated October 9, 2022. Ex. A to Orum Decl.,

8

ECF No. 14-1; *see also* Ex. A to Pet'r's Reply, ECF No. 11. It reflects that Petitioner has a total of 690 days of time credits, with 365 days of time credits that apply to his release date. Ex. A to Orum Decl.; Ex. A to Pet'r's Reply.

Recall that Petitioner has a term of supervised release imposed as part of his sentence and that § 3624(g)(3) states that time credits may be used to transfer a prisoner to supervised release at an earlier date by no more than 12 months. Petitioner's "Public Information Inmate Data" and "Sentence Monitoring Computation Data" show that the BOP incorporated 365 days of time credits under the First Step Act into his sentence computation, resulting in a projected release date of May 16, 2024, via the First Step Act. Ex. A to Valento Decl. at 1-2, 4; Ex. B to Orum Decl. at 1-2. The BOP's online, public inmate locator similarly reflects a May 16, 2024, release date for Petitioner. *See Find an inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (searching by inmate name or BOP register number).

The Court can no longer order Petitioner's sentence computation to be updated to reflect his time credits earned under the First Step Act because the BOP has already updated that computation to reflect the maximum of 12 months in time credits that § 3624(g)(3) states may be used to begin supervised release at an earlier date. *See Mills*, 2022 WL 4084178, at *4; *Roberts*, 2022 WL 742489, at *2. And, for the reasons discussed in the following section, Petitioner has now received the relief sought—"to apply Federal Time Credits (FTC) to [his] sentence"—to the extent such relief can be provided to him at present. Pet. at 8; *see Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005). Therefore, Petitioner's request that his sentence computation be adjusted to reflect his time credits

9

under the First Step Act is moot. *See Ali*, 419 F.3d at 724.

### 2. Immediate Release

Petitioner also argues that he is entitled to immediate release. Pet. at 4. He argues that with 365 days of time credits applied to his release eligibility date, the remaining 325 days of time credits should be applied immediately to his residential reentry center placement or home confinement eligibility date. Pet'r's Reply at 1-2; *see also* Ex. B to Pet'r's Reply, ECF No. 11. Respondent contends that Petitioner's request for the immediate application of his earned time credits under the First Step Act is "premature," "hypothetical," and "speculative" because he has not earned enough credits to equal the remainder of his term of imprisonment. Resp. at 13-15; *see also generally* Supp. Resp. According to Respondent:

> The First Step Act explicitly limits [Petitioner's] ability to apply his [time credits] until the number of his [time credits] is equal to the remainder of his term of imprisonment. *See* 18 U.S.C. § 3624(g)(1)(A). . . . With his 365 [time credits] included, his sentence computation indicates he is currently not projected to be released from BOP custody until May 16, 2024. *See* [Valento Decl. ¶ 10; Ex. A to Valento Decl. at 4]. When his total [time credits] equal the remainder of time on his sentence, the BOP will determine if [Petitioner] meets the criteria to transfer to a pre-release [residential reentry center] or home confinement placement or to receive an early release. *See* 18 U.S.C. § 3632(d)(4)(C); *see also* 18 U.S.C. § 3624(g).
> 
> The [time credits Petitioner] has earned and continues to earn could afford him additional time in pre-release custody and potentially advance his release date by a maximum of 365 days. *See* 18 U.S.C. § 3624(g)(2)-(3). But the [time credits] he has earned to date cannot be applied at this time because they do not equal the remainder of his term of imprisonment.

Resp. at 14.

Respondent is correct that Petitioner must have earned enough time credits to equal the remainder of his term of imprisonment before such credits may be applied. *See* 18 U.S.C. § 3624(g)(1)(A); 28 C.F.R. § 523.44(b)(1); *Adkins*, 2022 WL 14966123, at *2; *Mills*, 2022 WL 4084178, at *4; *Lallave*, 2022 WL 2338896, at *11; *Turner*, 2022 WL 2195348, at *3; *Milchin*, 2022 WL 1658836, at *3. Using December 1, 2022, as a simplified measuring point, Petitioner has approximately 898 days left on his sentence, measured from December 1 to his original May 16, 2025, good-conduct-release date. *See Mills*, 2022 WL 4084178, at *4 (calculating remainder of imposed term of imprisonment using the petitioner's projected release date via a good conduct time release). It is undisputed that, as of October 9, 2022, Petitioner had 690 days of earned time credits. Assuming for sake of argument that Petitioner earned an additional day of time credit each day from October 9 to December 1, Petitioner would have 54 more time credits, for a total of 744 days of time credits. Petitioner would still need approximately 154 days of additional time credits before his balance of earned time credits equaled the remainder of his sentence. Thus, even assuming Petitioner has continuously been earning time credits at the hypothetical rate of one time credit per day since October 9, he would not have earned sufficient credits to be eligible to have those credits applied under the First Step Act.

Courts have explained that this "statutory requirement has a commonsense basis." *Adkins*, 2022 WL 14966123, at *2. Time credits may be lost, such as through disciplinary infractions. *Milchin*, 2022 WL 1658836, at *3; *Workman v. Cox*, No. 4:20-CV-04197-LLP, 2021 WL 1080396, at *3 (D. S.D. Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 1060205 (D. S.D. Mar. 18, 2021); *see also, e.g.*, *Adkins*, 2022 WL

11

14966123, at *2; *Mills*, 2022 WL 4084178, at *4 n.5; *Mark*, 2022 WL 11321123, at *2; *Lallave*, 2022 WL 2338896, at *11; *see generally* 18 U.S.C. § 3632(e); 28 C.F.R. §§ 523.43, 541.3. When earned time credits equal the remainder of a prisoner's sentence, they "can be immediately applied and would no longer be subject to loss for future prohibited acts." *Milchin*, 2022 WL 1658836, at *3; *accord Adkins*, 2022 WL 14966123, at *2. Similarly, while Petitioner has been assessed as a low risk of recidivism, Ex. B to Valento Decl., ECF No. 8-2 at 1 (current assessment as of April 17, 2022, is "low risk recidivism level"), it is possible that he could be assessed differently in the future, "impacting [Petitioner's] ability to apply the time credits." *Mills*, 2022 WL 4084178, at *4 n.5 (citing 18 U.S.C. § 3624(g)(1)(B), (D)(ii)); *see Mark*, 2022 WL 11321123, at *2.

Because Petitioner's earned time credits (690 days) do not yet equal the remainder of his sentence (approximately 898 days), the Court agrees with Respondent that it would be premature "to direct the BOP to adjudicate the credits at this time." *See Lallave*, 2022 WL 2338896, at *11; *Adkins*, 2022 WL 14966123, at *2 ("A prisoner who makes a premature request for calculation of credits in a habeas action, then, is essentially seeking an advisory opinion from this court about how many s/he has earned from [First Step Act] programs. Courts regularly hold that such a claim for relief is not ripe for judicial consideration." (quotation and citation omitted)). Because Petitioner's "request for all h[is] time credits to be applied to h[is] sentence now such that h[is] release date will be moved up is premature, . . . any habeas relief is unwarranted at this time." *See Mills*, 2022 WL 4084178, at *4 (footnote omitted); *see also, Adkins*, 2022 WL 14966123, at *2; *Lallave*, 2022 WL 2338896, at *11; *Milchin*, 2022 WL 1658836, at *3.

A final point: Respondent asserts that when Petitioner's balance of earned time credits equals the remainder of time on his sentence, the BOP will then determine if he meets the criteria for prerelease confinement (whether that be home confinement or a residential reentry center), *see* 18 U.S.C. § 3624(g)(2) (types of prerelease custody), or early release, *see* 18 U.S.C. § 3624(g)(3) (supervised release). Resp. at 14. Respondent also asserts that Petitioner has already been evaluated for prerelease custody, albeit on a basis other than the First Step Act, and received a recommendation to be placed in a residential reentry center for approximately 270 days, up to one year, in advance of his release date. Supp. Resp. at 1-2; Orum Decl. ¶ 5; Ex. C to Orum Decl., ECF No. 14-3; *see also* 18 U.S.C. § 3624(c)(1) (BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community"). On October 12, 2022, Petitioner's BOP unit team submitted a request for Relocation of Supervision, which is required in Petitioner's case because he was originally sentenced in the Southern District of Iowa but desires to be released in the District of Minnesota where his family resides. Supp. Resp. at 2; Orum Decl. ¶ 6; *see also* Ex. D to Orum Decl., ECF No. 14-4. The request must be approved by both Districts before Petitioner can be submitted for residential reentry center placement. Supp. Resp. at 2; Orum Decl. ¶ 6. Once the request is approved, Petitioner "will be referred for immediate placement in [a residential reentry center]." Supp. Resp. at 2; Orum Decl. ¶ 7.

Nothing about the Court's recommendation as to the denial of Petitioner's First Step

13

Act claim should be read to alter any other prerelease custody Petitioner may be slated to receive. The Court's recommendation is limited to a conclusion that Petitioner may not have his earned time credits applied to make him eligible for immediate release on the basis of the First Step Act because he has not yet reached § 3624(g)(1)(A)'s eligibility requirement that "earned time credits . . . [be] in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *See also* 28 C.F.R. § 523.44(b)(1).

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, be **DENIED**.

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: December   1  , 2022

          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Moore v. Rardin*
Case No. 22-cv-2476 (NEB/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).